IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

**FILED**

FEB 1 4 2000

| | |
|---|---|
| STEVEN C. EMERY, ROCKY LE COMPTE, and JAMES PICOTTE,<br><br>    Plaintiffs,<br><br>        vs.<br><br>ROGER HUNT, in his official capacity as Speaker of the South Dakota House of Representatives; SOUTH DAKOTA HOUSE OF REPRESENTATIVES; CAROLE HILLARD, in her official capacity as President of the South Dakota Senate; SOUTH DAKOTA SENATE; and JOYCE HAZELTINE, in her official capacity as Secretary of State of South Dakota,<br><br>    Defendants. | Civil Action No.<br><br>00 -3008 |

## COMPLAINT

### I.   The Nature of the Case

1.   This is an action to enforce Section 2 of the Voting Rights Act of 1965, 42 U.S.C. §1973. Plaintiffs seek declaratory and injunctive relief against continued use of the existing redistricting plan for the House of Representatives of South Dakota on the ground that it dilutes the voting strength of Native Americans.

### II.   Jurisdiction

2.   Plaintiffs invoke the jurisdiction of this Court under 28 U.S.C. §§1331, 1343(a)(3) and (4), 1367, and 2201, this suit being authorized by 42 U.S.C. §§1973j(f) and 1983.

III.   Parties

3.   Plaintiffs Steve Emery, Rocky Le Compte, and James Picotte are Native Americans, registered voters, and residents of Dewey County within District 28 of the South Dakota legislature. They are enrolled members of the Cheyenne River Sioux Tribe.

4.   Plaintiffs reside in an area of the state where a majority Native American legislative district can be drawn.

5.   Plaintiffs desire to participate in the electoral and political processes of South Dakota and District 28 on an equal basis with other residents.

6.   Plaintiffs, as American Indians, are members of a language minority and are protected by Section 2 of the Voting Rights Act, 42 U.S.C. §§ 1973, 1973b(f)(2), and 1973aa-1a.

7.   Defendant Roger Hunt is Speaker of the South Dakota House of Representatives, one of two branches of the state legislature in which is vested the power to redistrict the state House and Senate.  He is sued in his official capacity.

8.   Defendant South Dakota House of Representatives is one of two branches of the state legislature in which is vested the power to redistrict the state House and Senate.

9.   Defendant Carole Hillard is President of the South Dakota Senate, one of two branches of the state legislature in which is vested the power to redistrict the state House and Senate. She is sued in her official capacity.

2

10. Defendant South Dakota Senate is one of two branches of the state legislature in which is vested the power to redistrict the state House and Senate.

11. Defendant Joyce Hazeltine is Secretary of State of South Dakota, Secretariat of the State Election Board, and has the duty of supervising elections for the South Dakota House and Senate. She is sued in her official capacity.

## IV. Facts

12. The population of South Dakota is 696,004, of whom 50,575 (7.3%) are Native Americans. Native Americans are 5.4% of the voting age population (VAP) of the state.

13. Pursuant to the Constitution of South Dakota and legislation enacted in 1991, the South Dakota Senate consists of 35 members elected from single member districts.

14. Pursuant to the Constitution of South Dakota and legislation enacted in 1991, the South Dakota House consisted of 70 members, two of whom were elected at-large from each senate district, except for District 28 which was divided into single member districts, District 28A and District 28B, each of which elected one member of the House.

15. The Constitution of South Dakota, Article III, Section 5, provides that "[h]ouse districts shall be established wholly within senatorial districts and shall be either single-member or dual-member districts as the Legislature shall determine."

3

16.   District 28A consisted of Dewey and Ziebach Counties, portions of Corson County, the Cheyenne River Sioux Reservation, and portions of the Standing Rock Sioux Reservation.

17.   District 28B consisted of Harding and Perkins Counties, and portions of Corson and Butte Counties.

18.   District 28A had an Indian voting age population of 60%, and was enacted pursuant to state law "in order to protect minority voting rights." S.D.CL 2-2-28.

19.   The state legislature, in making the 1991 redistricting, determined as a matter of policy that protection of minority voting rights was a principle "of primary significance." S.D.CL 2-2-23.

20.   In 1996 the legislature abolished Districts 28A and 28B and provided that, effective January 1, 1998, the two House members would be elected at-large from District 28.

21.   Indians are 30% of the VAP in District 28.

22.   The purpose and result of the abolition of District 28A was to dilute the voting strength of Indian voters.

23.   The next elections for the House in District 28 will be held in 2000, and unless enjoined by this Court defendants will conduct the elections at-large.

24.   Native Americans in District 28 are sufficiently numerous and geographically compact that they would constitute a majority in one or more single-member districts for election of members of the House.

4

25.    Native Americans in District 28 are politically cohesive in that they tend to vote as a bloc.

26.    Native Americans in District 28 have organized themselves collectively for political activity.

27.    Native Americans in District 28 and South Dakota have common socio-economic characteristics, a common and distinct history, a common and distinct quasi-sovereign tribal status, a unique political status under the treaties, laws, and executive orders of the United States, and a special trust relationship with the United States.

28.    Candidates for District 28 preferred by Native Americans are usually defeated by the white majority voting as a bloc.

29.    Historically, Native American residents of District 28 and South Dakota have been subject to private as well as official discrimination on the basis of race, tribal, and language minority status, including discrimination in attempting to exercise their right of franchise and to participate equally with other residents in the political processes.

30.    Native American residents of District 28 and South Dakota bear the effects of discrimination on the basis of race and tribal status in education, housing, employment, and health services which have resulted in a lower socio-economic status which hinders their ability to participate effectively in the political process.

31.    Voting in District 28 is racially polarized.

32.     Because of the at-large method of elections and polarized voting, Native Americans have been discouraged from running for office in District 28.

33.     Native Americans in District 28 have less opportunity than other residents to participate in the political processes and to elect candidates of their choice.

34.     The abolition of District 28A was in violation of the state's primary redistricting principles.

35.     The abolition of District 28A by the legislature in 1996 was in violation of the Constitution of South Dakota, Article III, Section 5, which provides that "apportionment shall be accomplished by December first of the year in which the apportionment is required."

36.     The existing at-large method of elections for District 28 denies or abridges the right of plaintiffs and Native Americans to vote on the basis of race or color or membership in a language minority.

37.     The defendants' actions complained of herein are under color of law of the State of South Dakota.

V.   First Cause of Action

38.     The existing at-large method of electing House members in District 28 has the result and effect of denying or abridging the right of Native Americans to vote on account of race or color or membership in a language minority in violation of plaintiffs' rights guaranteed by Section 2 of the Voting Rights Act, 42 U.S.C. §1973.

6

## VI.   Second Cause of Action

39.   The existing at-large method of electing House members in District 28 was enacted and is being maintained with the discriminatory purpose of diluting the voting strength of Native Americans in violation of plaintiffs' rights guaranteed by Section 2 of the Voting Rights Act, 42 U.S.C. §1973.

## VII.   Third Cause of Action

40.   The existing at-large method of electing House members in District 28 was enacted and is being maintained in violation of the Constitution of South Dakota, Article III, Section 5.

## VIII.   Equitable Relief

41.   A real and actual controversy exists between the parties.  Plaintiffs have no adequate remedy at law other than this action for declaratory and injunctive relief.   Plaintiffs are suffering irreparable injury as a result of the violations complained of herein and that injury will continue unless declared unlawful and enjoined by this Court.

WHEREFORE, plaintiffs respectfully pray that this Court:

(1)   take original and supplementary jurisdiction of this case;

(2)   enter a declaratory judgment that the existing method of electing House members in District 28 violates Section 2 of the Voting Rights Act, and enter a permanent injunction against its further use;

(3)   enter a declaratory judgment that the existing method of electing House members in District 28 violates the Constitution of

South Dakota, Article III, Section 5, and enter a permanent injunction against its further use;

(3)   enjoin defendants from conducting any future elections for House members in District 28 under the existing at-large system;

(4)   enjoin defendants from failing to conduct elections for House members in District 28 in a timely fashion pursuant to a redistricting plan that complies with Section 2 of the Voting Rights Act and the Constitution of the United States;

(5)   in the event defendants fail or are unable to conduct elections in a timely fashion pursuant to a redistricting plan that complies with Section 2 of the Voting Rights Act and the Constitution of the United States, implement a court ordered redistricting plan and schedule of elections;

(6)   award plaintiffs the cost of this action together with their reasonable attorneys' fees pursuant to 42 U.S.C. §§ 1973l(e) and 1988; and,

(7)   retain jurisdiction of this action and grant plaintiffs any further relief which may in the discretion of this Court be necessary and proper to ensure that timely and lawful procedures are used in elections for House members from District 28.

8

Respectfully submitted,

LAUGHLIN McDONALD
BRYAN SELLS
CRISTINA CORREIA
American Civil Liberties Union
  Foundation, Inc.
2725 Harris Tower
233 Peachtree Street
Atlanta, Georgia   30303
(404) 523-2721


PATRICK DUFFY
604 Mt. Rushmore Road
Rapid City, SD   57709-8027
(605) 342-1973

ATTORNEYS FOR PLAINTIFFS

9