```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF SOUTH DAKOTA
                         CENTRAL DIVISION
```

**FILED**

**MAY 0 4 2000**



| | |
|---|---|
| STEVEN C. EMERY, ROCKY LE COMPTE, and JAMES PICOTTE, | CIV 00-3008 |
| Plaintiffs, | |
| -vs- | |
| ROGER HUNT, in his official capacity as Speaker of the South Dakota House of Representatives, SOUTH DAKOTA HOUSE OF REPRESENTATIVES, CAROLE HILLARD, in her official capacity as President of the South Dakota Senate, SOUTH DAKOTA SENATE, and JOYCE HAZELTINE, in her official capacity as Secretary of State of South Dakota, | ORDER TO CERTIFY |
| Defendants. | |
| UNITED STATES OF AMERICA, | CIV 00-3015 |
| Plaintiff, | |
| -vs- | |
| STATE OF SOUTH DAKOTA, WILLIAM J. JANKLOW, in his official capacity as Governor of the State of South Dakota, HAROLD HALVORSON, in his official capacity as the President as the President Pro Tempore of the Senate of the State of South Dakota, Roger Hunt, in his official capacity as the Speaker of the House of Representatives of the State of South Dakota, MARK W. BARNETT, in his official capacity as the Attorney General of the State of South Dakota, JOYCE HAZELTINE, in her official capacity as the Secretary of State of the State of South Dakota, and the COUNTY AUDITORS for BUTTE, CORSON, DEWEY, HARDING, PERKINS, and ZIEBACH COUNTIES, in their official capacities, | |
| Defendants. | |

The United States of America and certain individual plaintiffs have filed actions in this court challenging the action of the South Dakota Legislature in abolishing Legislative Districts

28A and 28B. These districts were single member House districts, this having been accomplished pursuant to the 1990 decennial census, reapportionment having occurred in 1991 by virtue of action taken at a special session of the Legislature which action is codified at SDCL 2-2-24 through 2-2-28. More specifically, SDCL 2-2-28 dealt with House Districts 28A and 28B. The challenged action occurred in 1996 when these two districts were eliminated or combined so that two State Representatives would be elected from one district. This change was accomplished by virtue of the adoption of Chapter 21, Session Laws of 1996, now SDCL 2-2-28. The change did not become effective until the primary and general elections in 1998.

One of the issues presented in these pending federal cases, combined by Order of the court, is whether the action of the South Dakota Legislature in 1996 was in violation of Article III, Section 5, of the Constitution of the State of South Dakota, as amended by the people of South Dakota on November 21, 1982. This provision reads, *inter alia*: "... House districts shall be established wholly within senatorial districts and shall be either single-member or dual-member districts as the Legislature shall determine. Legislative districts shall consist of compact, contiguous territory and shall have population as nearly equal as is practicable, based on the last preceding federal census. An apportionment shall be made by the Legislature in 1983 and in 1991, and every ten years after 1991. Such apportionment shall be accomplished by December first of the year in which the apportionment is required ..." The previous version provided, *inter alia*: "... Such apportionment shall be made by the regular session of the Legislature in 1951 and every ten years thereafter and at no other time ..."

The State defendants have moved this Court to certify this particular issue to the Supreme Court of the State of South Dakota. This Court determines that the issue should be certified, based upon the motion and *sua sponte*. This matter is of some urgency with the approaching primary and general elections in South Dakota. Although issues of federal law are presented, it appears the question of the interpretation of the South Dakota Constitution may be determinative of the cause pending in this Court, particularly if the legislative action was in violation of the South Dakota Constitution. This Court knows of no controlling precedent, as to the issue presented, in the decisions of the South Dakota Supreme Court.

The question of law which should be certified, subject to acceptance by the Supreme Court of the State of South Dakota, is whether the South Dakota Legislature acted in violation of

2

Article III, Section 5, of the South Dakota Constitution, by its action in 1996 to eliminate House Districts 28A and 28B.

Now, therefore, IT IS ORDERED:

1) This Court hereby *sua sponte* certifies to the Supreme Court of the State of South Dakota a question of law, namely whether the South Dakota Legislature acted in violation of Article III, Section 5, of the South Dakota Constitution, by the enactment of Chapter 21, Session Laws of 1996, now codified as SDCL 2-2-28.

2) The motion (Doc. 41) of the State defendants to certify is granted.

3) Pursuant to SDCL 15-24A-6, all fees and costs shall be paid by the State defendants.

Dated at Aberdeen, South Dakota, this 2nd day of May, 2000.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
U.S. District Judge

ATTEST:

JOSEPH HAAS, CLERK

BY: *Susan Neuman*
　　　　DEPUTY
(SEAL)