UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

STEVEN C. EMERY, ROCKY LE COMPTE, and JAMES PICOTTE,

Plaintiffs,

-vs-

ROGER HUNT, in his official capacity as Speaker of the South Dakota House of Representatives, et al.,

Defendants.

CIV 00-3008

ORDER

UNITED STATES OF AMERICA,

Plaintiff,

-vs-

STATE OF SOUTH DAKOTA, WILLIAM J. JANKLOW, in his official capacity as Governor of the State of South Dakota, et al.,

Defendants.

CIV 00-3015

The United States of America and certain individual plaintiffs filed actions in this court, challenging the action of the South Dakota Legislature in 1996 which action abolished Legislative Districts 28A and 28B. The Court ordered these two cases consolidated. Plaintiffs sought to enforce the Voting Rights Act of 1965, 42 U.S.C. § 1973, seeking declaratory and injunctive relief against continued use of the 1996 redistricting plan on the ground that it dilutes the voting strength of Native Americans.

Defendants filed various motions to dismiss, largely on the basis of laches and claimed general equitable principles based upon delay in waiting until 2000 to bring this action to

challenge what was done by the South Dakota Legislature in 1996. The defendants further contended that the 1991 redistricting plan was in violation of the United States Constitution so that the 1996 action was required to remedy what was done in 1991. Plaintiffs subsequently sought a preliminary injunction, claiming the 1996 redistricting plan was in violation of Article III, Section 5, of the Constitution of the State of South Dakota. This Court certified the state constitutional question to the South Dakota Supreme Court. On July 26, 2000, acting in a most expeditious and helpful manner, the South Dakota Supreme Court answered the question by determining that the 1996 action of the South Dakota Legislature, which attempted to abolish House Districts 28A and 28B, was in violation of the South Dakota Constitution which allows redistricting only every ten years and at no other time. The legislative action of redistricting in 1996 is therefore a nullity and House Districts 28A and 28B as established in 1991 are the proper House legislative districts in question. *See* In the Matter of the Certification of a Question of Law from the United States District Court, 2000 SD 97. It is now clear that the results of the primary election already conducted in what was claimed to be House District 28 should be vacated and held for naught. The parties argue about what this Court should now do and the Court has carefully examined all such proposals and objections.

    Other motions must first be examined. The various motions to dismiss (Docs. 6, 45, 56, 58, 59, and 87-2) should all be denied. Two motions (Docs. 25 and 27) for a preliminary injunction should be denied as moot. Other motions, including a motion for partial summary judgment (Doc. 54), a motion in limine as to evidence of claimed legislative motives based upon testimony by those involved in the legislative process (Doc. 82) and a motion by the state defendants for a continuance of the trial date (Doc. 87-1) should all be denied as moot. Motions to quash certain subpoenas (Doc. 89 and 93) should be granted. The previous Order (Doc. 79) setting this case for trial should also be vacated since the trial will not be conducted. Finally, the state defendants filed a motion (Doc. 103-3) to dismiss the claims under the Voting Rights Act of 1965 as moot. Such motion should be granted, given the fact that the defendants have now apparently accepted the final decision of the South Dakota Supreme Court and have determined to not seek a rehearing within the twenty day period permitted by SDCL 15-30-4.

The State defendants filed a motion (Doc. 103-1) which motion should be denied as moot, given the fact the State defendants have filed a revised motion (Doc. 105) seeking to have this Court implement the decision of the South Dakota Supreme Court. The State defendants propose two possible alternatives. The first would call for special primary elections in House Districts 28A and 28B. The second would omit the primary elections and order a general election which would allow independents and any member of a recognized political party, based upon obtaining sufficient signatures on a nominating petition, to run for the office of State Representative on the general election ballot. Under the second proposal, there would be no nominations of party candidates. The candidate in each district obtaining a plurality of votes on November 7, 2000, would be declared elected. Corson and Ziebach counties filed a motion (Doc. 110) which, in effect, urges the Court to adopt the State defendants' second proposal. The motion is captioned, however, in a fashion to suggest that leave of court is sought to join the state defendants' proposal. Leave is not required to allow the two counties to state their position and the motion will be construed as asking the Court to adopt the proposal of the State defendants which would negate the use of a primary election. The motion, in any event, should be denied for reasons which follow.

The United States filed a motion (Doc. 107) seeking to apply SDCL 12-6-56, thus foregoing any primary election and allowing county political committees to select candidates. This statute is not applicable. No vacancy has occurred "by reason of death or withdrawal after a primary election" and the Court should decline to apply the statute. The motion should be denied. Federal courts should encourage selection of candidates for public office by the registered voters in an election. What the United States urges here would undermine the process of selection of candidates in primary elections and return these districts in 2000 to methods used before the George S. McGovern national reforms. The so-called Emery plaintiffs have proposed the same remedy as sought by the United States (Doc. 104) and such proposal should also be rejected for the reasons stated. It is indeed unfortunate that unconstitutional action by the South Dakota Legislature has caused and will cause additional election expenses in the affected counties, up to $6,000 in Corson County alone. It is even more unfortunate that such unconstitutional action has caused and will cause great confusion and inconvenience to the voters in that part of our State. This Court, however, is without power to remedy these problems and expenses, especially when the affected counties have filed no cross claim of any kind against the State. Perhaps the 2001 Legislature will recognize what the State has caused (acting

even in opposition to legal advice from the Legislative Research Council) as to county expenses and reimburse the affected counties for these expenses. The Legislature may also find, of course, that these same counties were asking the Legislature to do exactly what was done in 1996 and "made their own bed."

The proposal by the State defendants and some of the counties to only conduct a general election should be rejected. It would, in effect, allow Republicans to select among several Democratic candidates for the same office and Democrats to select among several Republican candidates for the same office, much akin to the open primary system struck down in California Democratic Party v. Jones, 120 S.Ct. 2402 (2000). While the cited case is not directly on point, to do what the State alternatively urges would violate the "spirit" of the Supreme Court case. This Court has broad discretion in fashioning remedies in cases such as this. This Court will not permit voters registered in one political party to interfere with the selection of candidates from another party. This Court likewise rejects the argument that primary elections, if now ordered, would violate the Voting Rights Act.

The Court determines that a portion of the revised motion of the State defendants (Doc. 105-2 (a)) should be granted and special primary elections should be ordered with the dates as provided in Exhibit A to Doc. 105, namely the "revised District 28A and 28B special primary election calendar."

Remaining issues include attorney fees and costs to be awarded to plaintiffs.

Now, therefore:

IT IS ORDERED:

1. Defendants' motions to dismiss (Docs. 6, 45, 56, 58, 59, and 87-2) are denied as moot.

2. Plaintiffs' motions for a preliminary injunction (Docs. 25 and 27) are denied as moot.

3. Plaintiffs' motion for partial summary judgment (Doc. 54) is denied as moot.

4. Plaintiffs' motion in limine (Doc. 82) is denied as moot.

5. Defendants' motion for a continuance (Doc. 87) is denied as moot.

6. The motion to quash subpoena (Doc. 89) is granted.

7. The motion to quash subpoena duces tecum (Doc. 93) is granted.

8. The previous Order (Doc. 79) setting trial dates is set aside and no trial will be conducted.

9. The motion of the State defendants to dismiss the claims under the Voting Rights Act of 1965 (Doc. 105-3) is granted since any such claims and claimed defenses are moot.

10. The motion of the State defendants (Doc. 103-1 and 103-2) is denied as moot.

11. The motion of the United States (Doc. 107) is denied.

12. The motion of Corson and Ziebach counties (Doc. 110) is denied.

13. The motion of the individual plaintiffs (Doc. 104) is denied.

14. The revised motion of the State defendants (Doc. 105-1 and105-2(a)) is granted and special primary elections and other election activities shall be conducted according to Exhibit A attached to this Order.

15. The revised motion of the State defendants (Doc. 105-2(b)) to only conduct a general election is denied.

16. The results of the primary election already conducted in what has been claimed to be District 28 are set aside, vacated and held for naught.

17. The redistricting action taken by the 1996 South Dakota Legislative Session is a nullity and Districts 28A and 28B as established in 1991 are the proper legislative districts as a matter of law.

18. The Court retains jurisdiction to entertain claims for attorney fees and costs.

Dated this 10th day of August, 2000.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:

JOSEPH HAAS, CLERK

BY: DEPUTY

(SEAL)

**EXHIBIT "A"**

**DISTRICT 28A and 28B SPECIAL PRIMARY ELECTION**

**CALENDAR**

| | |
|---|---|
| **August 11, 2000** | earliest day for primary or independent candidates to circulate and file nominating petitions. (SDCL 12-6-4.1, 12-7-1.1) |
| **August 21-25, 2000** | one notice of voter registration deadline - ARSD 5:02:04:04. |
| **August 21-25, 2000** | county auditors must publish one notice of deadline for filing nominating petitions - ARSD 5:02:04:17. |
| **August 28, 2000** | last day to file primary election nominating petitions. (SDCL 12-6-4, 12-9-4)<br><br>deadline for voter registration for the primary election. (SDCL 12-4-5) |
| **August 29, 2000** | drawing for position on the ballot for the primary election will be held in th office of the Secretary of State at 9:00 a.m. (SDCL 12-16-8) |
| **August 28 - September 1 & September 4-8, 2000** | weeks in which county auditors must publish the notice of election - ARSD 5:02:04:16. (SDCL 12-12-1) |
| **September 1, 2000** | deadline for primary election ballots to be printed and in the auditors' possession. absentee voting may begin as soon as ballots are available. (SDCL 12-16-1, 12-16-17, 12-19-3) |
| **September 8, 2000** | deadline for publication of facsimile ballot. (SDCL 12-16-16) |
| **September 12, 2000** | **PRIMARY ELECTION DAY**<br>(SDCL 12-2-1, 12-2-3) Polls are open from 8:00 a.m. to 7:00 p.m. local time.<br><br>Last day for independent candidates to file nominating petitions with the Secretary of State. (SDCL 12-7-1) |
| **September 13, 2000** | last day for county canvass of returns. (SDCL 12-20-36)<br><br>certified copies of the official county canvasses must be filed with the Secretary of State immediately following the official canvasses. (SDCL 12-20-38.1) |

| | |
|---|---|
| **September 14, 2000** | last day for convening the state board of canvassers. (SDCL 12-20-47) |
| **September 15, 2000** | last day for filing recount petition - ARSD 5:02:19:05. County auditors shall notify the Secretary of State of a legislative recount. (SDCL 12-21-11, 12-21-11.1, 12-21-12) |
| **September 25, 2000** | deadline for recount board to convene. |
| **September 26, 2000** | deadline for all general election ballots to be printed and in the auditors' possession. Absentee voting may begin whenever ballots are available. (SDCL 12-16-1, 12-16-17, 12-19-3) |
| **October 10, 2000** | deadline for special primary legislative candidates to file reports of receipts and expenditures with Secretary of State. (SDCL 12-25-13.3) |